## LEE, SUPERINTENDENT OF PORT AUTHORITY POLICE v. INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., ET AL.

No. 91–339.   Argued March 22, 1992—Decided June 26, 1992

*Arthur P. Berg* argued the cause for petitioner.   With him on the brief were *Philip Maurer, Arnold D. Kolikoff,* and *Milton H. Pachter.*

*Barry A. Fisher* argued the cause for respondents.   With him on the briefs were *David Grosz, Robert C. Moest, David M. Liberman, Jay Alan Sekulow,* and *Jeremiah S. Gutman.**

---

*Briefs of *amici curiae* were filed for the Airports Association Council International-North America by *Michael M. Conway;* for the American Civil Liberties Union et al. by *Steven R. Shapiro, John A. Powell,* and *Arthur N. Eisenberg;* for the American Federation of Labor and Congress of Industrial Organizations by *Marsha S. Berzon, Walter Kamiat,* and *Laurence Gold;* for the American Jewish Congress et al. by *Bradley P. Jacob* and *Edward McGlynn Gaffney, Jr.;* for the American Newspaper Publishers Association et al. by *Robert C. Bernius, Alice Neff Lucan, René P. Milam, Richard A. Bernstein, Barbara Wartelle Wall, John C. Fontaine, Cristina L. Mendoza, George Freeman,* and *Carol D. Melamed;* for the American Tract Society et al. by *James Matthew Henderson, Sr., Mark N. Troobnick, Thomas Patrick Monaghan,* and *Charles E. Rice;* for the Criminal Justice Legal Foundation by *Kent S. Scheidegger* and *Charles L. Hobson;* for the Free Congress Foundation by *Wendell R. Bird* and *David J. Myers;* for Multimedia Newspaper Co. et al. by *Carl F. Muller* and *Wallace K. Lightsey;* for Project Vote et al. by *Robert Plotkin* and *Elliot M. Minceberg;* and for the National Institute of Municipal Law Of-

PER CURIAM.

For the reasons expressed in the opinions of JUSTICE O'CONNOR, JUSTICE KENNEDY, and JUSTICE SOUTER, see *ante*, p. 685 (O'CONNOR, J., concurring in No. 91–155 and concurring in judgment in No. 91–339), *ante*, p. 693 (KENNEDY, J., concurring in judgments), and *ante*, p. 709 (SOUTER, J., concurring in judgment in No. 91–339 and dissenting in No. 91–155), the judgment of the Court of Appeals holding that the ban on distribution of literature in the Port Authority airport terminals is invalid under the First Amendment is

*Affirmed.*

CHIEF JUSTICE REHNQUIST, with whom JUSTICE WHITE, JUSTICE SCALIA, and JUSTICE THOMAS join, dissenting.

Leafletting presents risks of congestion similar to those posed by solicitation. It presents, in addition, some risks unique to leafletting. And of course, as with solicitation, these risks must be evaluated against a backdrop of the substantial congestion problem facing the Port Authority and with an eye to the cumulative impact that will result if all groups are permitted terminal access. Viewed in this light, I conclude that the distribution ban, no less than the solicitation ban, is reasonable. I therefore dissent from the Court's holding striking the distribution ban.

I will not trouble to repeat in detail all that has been stated in No. 91–155, *International Soc. for Krishna Consciousness, Inc. v. Lee, ante,* at 683–685, describing the risks and burdens flowing to travelers and the Port Authority from permitting solicitation in airport terminals. Suffice it to say that the risks and burdens posed by leafletting are quite similar to those posed by solicitation. The weary, harried, or hurried traveler may have no less desire and need

ficers by *Benjamin L. Brown, Analeslie Muncy, Robert J. Alfton, Frank B. Gummey III, Frederick S. Dean, Neal M. Janey, Victor J. Kaleta, Robert J. Mangler, Neal E. McNeill, Robert J. Watson,* and *Iris J. Jones.*

to avoid the delays generated by having literature foisted upon him than he does to avoid delays from a financial solicitation. And while a busy passenger perhaps may succeed in fending off a leafletter with minimal disruption to himself by agreeing simply to take the proffered material, this does not completely ameliorate the dangers of congestion flowing from such leafletting. Others may choose not simply to accept the material but also to stop and engage the leafletter in debate, obstructing those who follow. Moreover, those who accept material may often simply drop it on the floor once out of the leafletter's range, creating an eyesore, a safety hazard, and additional cleanup work for airport staff. See *City Council of Los Angeles* v. *Taxpayers for Vincent,* 466 U. S. 789, 816–817 (1984) (esthetic interests may provide basis for restricting speech); Sloane Supplemental Affidavit ¶ 10, App. 514 (noting increased maintenance problems that result from solicitation and distribution).

In addition, a differential ban that permits leafletting but prohibits solicitation, while giving the impression of permitting the Port Authority at least half of what it seeks, may in fact prove for the Port Authority to be a much more Pyrrhic victory. Under the regime that is today sustained, the Port Authority is obliged to permit leafletting. But monitoring leafletting activity in order to ensure that it is *only* leafletting that occurs, and not also soliciting, may prove little less burdensome than the monitoring that would be required if solicitation were permitted. At a minimum, therefore, I think it remains open whether at some future date the Port Authority may be able to reimpose a complete ban, having developed evidence that enforcement of a differential ban is overly burdensome. Until now it has had no reason or means to do this, since it is only today that such a requirement has been announced.

For the foregoing reasons, and for the reasons stated in the opinion in No. 91–155, *ante,* p. 672, I respectfully dissent.